UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY SMITH,

   Petitioner,

  v.

SPEARMAN,

   Respondent.

Case No. 20-cv-00322-SI

**ORDER ON INITIAL REVIEW**

Re: Dkt. Nos. 1, 4, 5

## BACKGROUND

Anthony Smith, an inmate at High Desert State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## BACKGROUND

More than a decade ago, Anthony Smith was convicted of two burglaries in two different cases and received approximately the same sentence in both cases. The present petition pertains to only one of those cases, but both cases are mentioned to avoid confusion and to get the parties and the court to focus on just the one case at issue here.

The 2007 Conviction: Smith was convicted in 2007 in Alameda County Superior Court of burglary, and sentence enhancement allegations regarding prior convictions and prior prison terms were found true; he was sentenced to a total of 38 years to life in prison. *See People v. Smith*, 2009 WL 663922 (Cal. Ct. App. Mar. 2009). The event that formed the basis of the charges was the February 3, 2007, burglary of a residence in Piedmont. *Id.* at *1. The trial court case number was

Alameda County Superior Court No. C155046, and the appeal therefrom was California Court of Appeal No. A119777.  This first conviction is **not** the conviction at issue in this petition.

The 2009 Conviction:  Smith was convicted in 2009 in Alameda County Superior Court of burglary and sentence enhancement allegations were found true; he was sentenced to a total of 37 years to life in prison.  *See People v. Smith*, 2011 WL 3717052 (Cal. Ct. App. Aug. 2011).  The event that formed the basis of the charges was the January 16, 2007, burglary of the Katzman residence in Oakland.  *Id.*  The trial court case number was Alameda County Superior Court No. C158106, and the appeal therefrom was California Court of Appeal No. A127404.  **This second burglary conviction is the conviction at issue in this petition**.[1]

Smith appealed from the 2009 conviction.  The California Court of Appeal affirmed the judgment of conviction on August 24, 2011.  *See People v. Smith*, 2011 WL 3717052 (Cal. Ct. App. Opinion filed Aug. 24, 2011).  According to the docket sheet available on the California courts' website (www.appellatecases.courtinfo.ca.gov), Smith's petition for review was denied on November 16, 2011.  *People v. Smith*, Cal. S. Ct. Case No. S196937.  Smith thereafter filed some state collateral petitions.

Smith's federal petition for writ of habeas corpus is dated January 8, 2020, came in an envelope postmarked January 9, 2020, was stamped "received" at the court on January 13, 2020, and was filed on January 15, 2020.

---

[1] Although the parties are free to show otherwise, the court believes the same Anthony Smith suffered both the 2007 conviction and the 2009 conviction described in the text. This belief is based on information available on the California Court of Appeal's website and this court's own ECF system. The present case is tied to the 2009 conviction through Smith's prisoner number. A December 30, 2011, docket entry in California Court of Appeal Case No. A127404 (i.e., the appeal from the 2009 conviction) lists Smith's prisoner number as CDC # AC8729. That same prisoner number is used on his current federal habeas petition. Docket No. 1 at 2. The same prisoner number also was used on a federal habeas petition filed in 2013 to challenge the 2007 conviction. *See Smith v. Grounds*, N.D. Cal. No. 13-cv-206 SI at Docket No. 1 at 1. (That the 2013 federal habeas petition addressed the 2007 conviction is evidenced by Smith's inclusion of part of a presentencing report and court minutes for Alameda County Superior Court No. C155046. *See Smith v. Grounds*, N.D. Cal. No. 13-cv-206 SI at Docket No. 1 at 1; Docket No. 1-1 at 8, 12. And the order of dismissal in Case No. 13-cv-206 SI refers to a March 16, 2009, affirmance of the conviction, which is the date of the opinion in California Court of Appeal No. A119777. *See Smith v. Grounds*, N.D. Cal. No. 13-cv-206 SI at Docket No. 23.)

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *See id.* § 2244(d)(2).

The petition in this action was filed more than a year after petitioner's conviction became final, and may be untimely under the AEDPA's one-year limitation period. This apparent procedural problem should be addressed before the court reaches the merits of the claims raised in the petition. If the petition is time-barred, the litigants and court need not expend resources addressing the claims in the petition. Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, respondent must either (1) move to dismiss the petition on the ground that it is untimely, or (2) inform the court that respondent is of the opinion that a motion to dismiss is unwarranted in this case.

**CONCLUSION**

Good cause appearing therefor,

1. The clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The clerk shall serve by mail a copy of this order on petitioner.

2. Respondent must file and serve upon petitioner, on or before **July 24, 2020**, a motion to dismiss the petition or a notice that respondent is of the opinion that a motion to dismiss is unwarranted.

3. If petitioner wishes to oppose the motion to dismiss, he must do so by filing an opposition with the court and serving it upon respondent on or before **September 4, 2020.**

4. Respondent may file and serve a reply on or before **September 25, 2020**.

5. The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion. If respondent notifies the court that a motion to dismiss is unwarranted or the motion to dismiss is decided against respondent, the court will then determine whether to require an answer to the petition.

6. Petitioner's application to proceed *in forma pauperis* is GRANTED. Docket No. 4.

**IT IS SO ORDERED**.

Dated: May 20, 2020

SUSAN ILLSTON
United States District Judge