UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SMITH,<br><br>    Petitioner,<br><br>    v.<br><br>SPEARMAN,<br><br>    Respondent. | Case No. 20-cv-00322-SI<br><br>**ORDER DENYING MOTION TO DISMISS AND SETTING BRIEFING SCHEDULE**<br><br>Dkt. No. 8 |

Anthony Smith filed this action for writ of habeas corpus to challenge a 2009 burglary conviction he suffered in Alameda County Superior Court. Respondent has moved to dismiss the petition for failure to comply with the habeas statute of limitations. The motion will be denied without prejudice because respondent has not adequately demonstrated that a 2nd amended abstract of judgment does not affect the timeliness of the federal petition.

Smith was sentenced on January 8, 2010. *See* Docket No. 8-2 at 10. On appeal, the California Court of Appeal remanded for the trial court to either strike or impose a term for Smith's fourth prior conviction, and affirmed in all other respects. Docket No. 8-1 at 8-9. On December 5, 2011, the trial court struck the fourth prior conviction and filed an amended abstract of judgment. Docket No. 8-4 at 3, 4. A "2nd amended abstract" of judgment was filed on January 4, 2019, that was essentially the same as the earlier amended abstract of judgment except that it added that the defendant was sentenced under "PC 667.6(c)(21)" in addition to being sentenced (as had been reported in the amended abstract) under "PC 667(b)-(i) or 1170.12." Docket No. 9-6 at 2 (item 8).

There is a one-year statute of limitations for filing a federal petition for writ of habeas corpus. *See* 28 U.S.C. § 2244(d). It appears that Smith's federal petition filed less than one year after that 2nd amended abstract was filed would be timely if that 2nd amended abstract is considered a new

judgment, but likely would not be timely if the 2nd amended abstract is not considered a new judgment (because the limitations period would have commenced in or about 2011 rather than in 2019). *See Smith v. Williams*, 871 F.3d 684, 687 (9th Cir. 2017).

Respondent urges that the 2nd amended abstract did not constitute a new judgment because it was merely the correction of a clerical omission in the original abstract. Respondent appears correct on the law: the issuance of an amended abstract of judgment to correct a scrivener's error does not change the underlying judgment and therefore does not constitute a new judgment. *See Gonzalez v. Sherman*, 873 F.3d 763, 772 (9th Cir. 2017). However, respondent has not made an adequate record to demonstrate that the 2nd amended abstract was, in fact, merely a correction of a clerical error. For example, the record does not include the original sentencing transcript, any court minutes from January 4, 2019, or even any letters from the CDCR requesting a correction of the amended abstract of judgment – any of which might support the view that the 2nd amended abstract was prepared just to correct an error in an earlier abstract. Without any documentation showing why the 2nd amended abstract was issued, this court cannot conclude that it was merely a correction of a clerical omission such that it did not amount to a new judgment.

There also is a question whether the 2nd amended abstract can be viewed as merely a correction of a clerical omission if it was itself erroneous. The 2nd amended abstract states that Smith was sentenced under California Penal Code section 667.**6**(c)(21), but the court has not found such a subsection.[1] The applicability of section 667.6 at all appears dubious because it concerns sex offenses whereas Smith's conviction was for a burglary. If California Penal Code section 667.6(c)(21) exists, respondent should attach a copy of it to any new motion to dismiss. If the subsection does not exist, respondent should explain in any new motion to dismiss how and when the error will be fixed. Lastly, if the 2nd amended abstract cites to a subsection that was not mentioned in the oral pronouncement of sentence in 2010, the parties should discuss whether that 2nd amended abstract can be considered the correction of a scrivener's error that does not change the underlying judgment and therefore does not constitute a new judgment under *Gonzalez*. The

---

[1] There is a California Penal Code section 667.**5**(c)(21), but that is not the section mentioned in the 2nd amended abstract.

1  parties are encouraged to cite any relevant case authority on this point.

2  For the foregoing reasons, respondent's motion to dismiss is DENIED. Docket No. 8. Respondent has not demonstrated that the 2nd amended abstract is not a new judgment for purposes of determining the timeliness of the federal petition for writ of habeas corpus. The denial of the motion to dismiss is without prejudice to respondent filing a new motion to dismiss if he is able to demonstrate that the 2nd amended abstract should not be viewed as a new judgment for purposes of the statute of limitations.

The court now sets the following new briefing schedule: Respondent must file and serve a motion to dismiss the petition or an answer to the petition on or before **January 15, 2021**. Petitioner must file and serve his opposition to a motion to dismiss or his traverse on or before **February 19, 2021.** Respondent may file and serve a reply in support of any motion to dismiss on or before **March 5, 2021**.

**IT IS SO ORDERED**.

Dated: November 17, 2020

_____
SUSAN ILLSTON
United States District Judge