UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SMITH,<br><br>    Petitioner,<br><br>    v.<br><br>SPEARMAN,<br><br>    Respondent. | Case No. 20-cv-00322-SI<br><br>**ORDER OF DISMISSAL**<br>Re: Dkt. No. 35 |

Anthony Smith filed this *pro se* action for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a 2009 burglary conviction. Respondent now moves to dismiss the habeas petition as untimely. The dispositive issue is whether any of the several amendments to the abstract of judgment support a later start to the limitations period than the usual starting date of the conclusion of direct review. The court concludes that none of the amended abstracts of judgment result in a later starting date for the limitations period and therefore uses the conclusion of direct review in February 2012 as the starting date for the limitations period. Due to a four-year gap between mid-2013 and mid-2017 when there was no state court collateral challenge pending and there was no equitable tolling, the federal petition filed in 2020 was untimely. The petition will be dismissed as barred by the habeas statute of limitations.

## BACKGROUND

**A.** <u>**The Conviction And Efforts To Overturn It**</u>

In Alameda County Superior Court Case No. C158106, a jury found Smith guilty of first-degree residential burglary and found true an allegation that a person other than an accomplice was

present in the residence during the commission of the offense. The trial court found true allegations about prior convictions and prior prison terms. On January 8, 2010, Smith was sentenced to a total of 37 years to life in prison in Case No. C158106. Docket Nos. 36-11, 36-12.[1] An abstract of judgment was filed on January 19, 2010. Docket No. 36-13. On appeal, the California Court of Appeal remanded for resentencing on one of the sentence enhancements for a prior prison term and otherwise affirmed. Docket No. 35-1. The California Supreme Court denied Smith's petition for review on November 16, 2011. Docket No. 35-3.

On December 5, 2011, pursuant to the remand on the sentencing issue, the superior court struck the fourth prior conviction and otherwise left the original sentence intact. A first amended abstract of judgment was filed that day. Docket No. 35-4.

Smith filed several unsuccessful state habeas petitions in 2012-2013. Docket Nos. 35-5 to 35-14. His first state habeas petition was pending in the Alameda County Superior Court from January 8, 2012, until the denial of the motion for reconsideration of the denial of the petition on June 7, 2012. Docket Nos. 35-5 and 35-8. His second state habeas petition was pending in the Alameda County Superior Court from June 25, 2012, until its denial on July 30, 2012. Docket Nos. 35-9 and 35-10. His third state habeas petition was pending in the Alameda County Superior Court from December 20, 2012, until its denial on February 28, 2012. Docket Nos. 35-11 and 35-12. His fourth state habeas petition was pending in the California Supreme Court from May 6, 2013, until its denial on July 10, 2013. Docket Nos. 35-13 and 35-14. The July 10, 2013 denial was the conclusion of this group of habeas petitions.

Almost four years went by before Smith filed his next state habeas petition on May 8, 2017. Docket No. 35-15. That petition was rejected by the Alameda County Superior Court on the grounds that it was procedurally barred (because it was successive and untimely) and on the merits. Docket

---

[1] Smith's filings have occasional references to his entitlement to release under Proposition 57 and to a different case (i.e., Alameda County Superior Court Case No. C155046) in which he was convicted in 2007, but that information is not relevant to the present case. His separate action claiming an entitlement to release under Proposition 57, *Smith v. S. Pearman*, No. 19-cv-3683 SI, was dismissed on October 4, 2019 and the Ninth Circuit denied a certificate of appealability in March 2021. With regard to the second conviction, this court earlier explained that the present case is considered a challenge only to the conviction in Alameda County Superior Court Case No. C158106 and not to the conviction in Case No. C155046. *See* Docket No. 6 at 1-2.

No. 35-16. Thereafter, Smith filed numerous additional unsuccessful habeas petitions and other requests for collateral relief in the state courts in 2017-2020. Docket Nos. 35-17 to 35-20; Docket No. 36; Docket Nos. 36-2 to 36-8.

On January 8, 2020, Smith filed his federal petition for writ of habeas corpus. Docket No. 1. His federal petition for writ of habeas corpus is dated January 8, 2020, came in an envelope postmarked January 9, 2020, and was filed on January 15, 2020. The court applies the prisoner mailbox rule and assumes for present purposes that Smith gave the petition to prison officials to mail the day he signed it. His petition is deemed to have been filed on January 8, 2020. *See Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) (to benefit from the mailbox rule, a prisoner must (1) be proceeding without assistance of counsel, and (2) deliver his filing to prison authorities for forwarding to the court).

**B.     The Sentence And The Documentation Thereof**

The Information charged Smith with first degree residential burglary and alleged that the offense "is a violent felony pursuant to Penal Code Section 667.5(c)(21) in that there was another person who was not an accomplice present in the residence during the commission of the burglary charged above." Docket No. 36-9 (Information).[2] At trial, the jury found him guilty of "first degree residential burglary" and found true "the allegation that there was another person who was not an accomplice present in the residence during the commission of the burglary." Docket No. 36-19 at 2 (jury verdict). A bench trial was held on the prior convictions.

---

[2] California Penal Code §667.5(a) provides for certain sentence enhancements "[w]here one of the new offenses is one of the violent felonies specified in subdivision (c)." Under subdivision (c), a violent felony includes "[a]ny burglary of the first degree, as defined in subdivision (a) of Section 460, wherein it is charged and proved that another person, other than an accomplice, was present in the residence during the commission of the burglary." Cal. Penal Code § 667.5(c)(21). "[A]ny person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 shall accrue no more than 15 percent of worktime credit, as defined in Section 2933." Cal. Penal Code § 2933.1(a).

The § 667.5(c)(21) finding is sometimes referred in judicial shorthand as the "person present" finding. *See, e.g.*, *People v. Howard*, 50 Cal. App. 5th 727, 733 n.2 (Cal. Ct. App. 2020) ("The court held Howard to answer the [murder and burglary] charges and the person present allegation."); *People v. Debouver*, 1 Cal. App. 5th 972, 982 (Cal. Ct. App. 2016) ("Appellant did not object to the 'person present' instruction or ask for an amplifying instruction").

3

At the sentencing hearing, the judge stated the following:

> All right. Well, Mr. Smith is ineligible for probation under 1170.12(a)(2), so probation is denied.
>
> In regard to the single count of residential burglary, the – pursuant to 1170.12(C)(2)(A)(ii), the defendant is sentenced to an indeterminate term in the state prison of life with the minimum term of 25 years.
>
> *In light of the person-present finding that would be served at 85 percent.* In addition and consecutive to that, he is sentenced to five years in the state prison for each of his serious felony priors under 667(a) of the Penal Code, and those are prior Number 2 and prior Number 5.
>
> There were findings as to each of those priors that they were prison priors under 667.5. That sentence as to the one year enhancement is stayed in light of the five-year enhancement. As to priors Number 1 and 3 which were only prison priors, and not serious felony priors, there is an additional and consecutive one-year sentence for each of those priors, for a total of 12 years of enhancements and, therefore, a total sentence of 37 years to life.
>
> That term is to run consecutively to the life term Mr. Smith is serving in another proceeding, and that consecutive sentence is pursuant to 1170.12(a)(8). And that is in Alameda County Docket 155046.

Docket No. 36-12 at 2-3 (emphasis added).[3]

The clerk's minutes for sentencing do not mention anything about the "person present" finding under § 667.5(c)(21). Docket No. 36-14.

An abstract of judgment is a document prepared by the clerk to reflect the judgment pronounced by the judge. The abstract of judgment form for an indeterminate prison commitment is form CR-292, and is marked as "adopted for mandatory use" by the California Judicial Council. Docket No. 36-13 at 2. Line 8 on the abstract of judgment form calls for the clerk to check the box[es] that apply: "Defendant was sentenced pursuant to ☐ PC 667(b)-(i) or PC 1170.12 ☐ PC 667.61 ☐ PC 667.7 ☐ other (specify):____." Docket No. 36-13 at 2.

Shortly after judgment was pronounced, the <u>original abstract of judgment</u> was filed by the clerk on January 19, 2010. Docket No. 36-13. The abstract stated that Smith had been convicted

---

[3] At the sentencing hearing, the judge also imposed fines, fees, and restitution as part of the judgment. Docket No. 36-12 at 3. The abstract of judgment and all the amendments thereafter included those fines, fees, and restitution. Because they are not at issue here, they will not be further discussed. Instead, this court's discussion is confined to the custody part of the sentence.

4

of first degree residential burglary (line 1), listed the enhancements for prior convictions and prior prison terms resulting in 12 years of time added to the sentence (line 3), and stated that he had been sentenced to 25-to-life for the burglary (line 6). Line 8 on the abstract had one box checked to indicate that Smith was sentenced pursuant to "PC 667(b)-(i) or PC 1170.12"; the "other" box was not checked. Docket No. 36-13. (The box that was checked -- "PC 667(b)-(i) or PC 1170.12" – indicates that the sentence was pursuant to California's Three Strikes Law, which appears in both these statutes.)

On August 24, 2011, the California Court of Appeal affirmed with a sentencing remand. The appellate court determined that the trial court "failed to strike or impose a sentence for prior conviction 4 alleging a 1988 conviction for escape by force or violence" and "remanded" the matter so that the trial court "may either strike or impose a term for appellant's prior conviction 4. In all other respects, the judgment is affirmed." Docket No. 35-1 at 8-9.

On December 5, 2011, a proceeding was held in the Alameda County Superior Court at which Smith and the prosecutor were not present and which was not covered by a court reporter. Docket No. 35-4. The minutes state: "trial court is to make the determination to strike or impose a term for appellant's 4th prior conviction. Otherwise, affirmed. No removal order will be prepared, pending decision of the court." *Id.* Also, the minutes from January 8, 2010 were amended as of December 5, 2011, to add the sentence "[t]he 4th prior conviction is stricken pursuant to Penal Code section 1385." Docket No. 35-4 at 3.

A <u>first[4] amended abstract of judgment</u> was filed that day (December 5, 2011) and updated only the enhancements section. The first amended abstract deleted one enhancement under "667.5" that had been marked as stayed on the original abstract of judgment. *See* Docket No. 35-4 at 4 (line 3). As in the original abstract, the only box checked on line 8 of the first amended abstract was the box that indicated Smith was sentenced pursuant to "PC 667(b)-(i) or PC 1170.12."

---

[4] The document filed on December 5, 2011 was marked as an "amended" abstract. This court designates it as the "first" amended abstract for ease of reference because there were several amendments. Likewise, the later amended abstracts are designated as the "second," "third" and "fourth" amended abstracts for ease of reference.

5

About seven years later, on December 27, 2018, a correctional case records analyst from the California Department of Corrects and Rehabilitation (CDCR) sent to the superior court judge a letter explaining that the abstract of judgment and/or minute order "may be in error, or incomplete" because it showed that Smith had been convicted of burglary, but did not show the disposition of the allegation that the burglary was a violent felony within the meaning of California Penal Code § 667.5(c)(21). Docket No. 36-15. The analyst requested the superior court to provide a disposition of this allegation "so that we may determine if the defendant stands convicted of a *violent* felony and is subject to the work time credit restrictions defined in PC § 2933.1." Docket No. 36-15.

About a week later, a <u>second amended abstract of judgment</u> was filed on January 4, 2019. This document had two boxes checked on line 8. As in the earlier versions, a box was checked to indicate that Smith was sentenced pursuant to "PC 667(b)-(i) or PC 1170.12"; unlike the earlier versions of the abstract, the clerk also had checked the "other" box so that it stated "other . . . PC667.6(c)(21)." Docket No. 36-1.

Smith filed a habeas petition in the superior court in December 2020 complaining that he had not been present at a hearing on January 4, 2019. The superior court denied the petition, explaining that "no hearing in this matter was held on that date. Rather, it appears that a second amended abstract of judgment was issued on that date." Docket No 36-16 at 3. The superior court noted, however, that the second amended abstract of judgment contained a citation mistake and ordered the clerk to "prepare an amended abstract of judgment and minutes of the sentencing reflecting that Petitioner was sentenced pursuant to subdivision (c)(21) of Penal Code section 667.5, rather than 667.6." Docket No. 36-16 at 3.[5]

A <u>third amended abstract of judgment</u> was filed on December 18, 2020. Docket No. 36-17. This version had two boxes checked on line 8 and almost corrected the citation mistake – getting the section right but neglecting to mention the subsection. A box was checked to indicate that Smith

---

[5] Several weeks earlier, this court had observed the same citation mistake. *See* Docket No. 18 at 2.

1  was sentenced pursuant to "PC 667(b)-(i) or PC 1170.12" and the clerk also had checked the "other"
2  box so that it stated "other . . . PC667.5." Docket No. 36-17.

A <u>fourth amended abstract of judgment</u> was filed on March 1, 2021. Docket No. 36-18. The fourth amended abstract also had two boxes checked on line 8 and corrected the citation mistake. The clerk checked the box was checked to indicate that Smith was sentenced pursuant to "PC 667(b)-(i) or PC 1170.12" and checked the "other" box so that it stated "other . . . PC667.5(c)(21)." Docket No. 36-17.

## DISCUSSION

**A.    The Petition Is Untimely Using The Conclusion Of
       Direct Review As The Starting Date Of The Limitations Period**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time has passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Here, the limitations period began on the ordinary date, when the judgment became final upon "the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999); *see Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final 90 days after the California Supreme Court denied review). Smith's petition for review was denied by the California Supreme

Court on November 16, 2011, and he had ninety days from that date to file a petition for writ of certiorari in the U.S. Supreme Court. He did not file a petition for writ of certiorari. His conviction therefore became final on February 14, 2012, when the time for him to file a petition for writ of certiorari expired. Smith's presumptive federal habeas deadline was February 14, 2013, one year from that date. (In section B, below, the court explains why the several amendments to the abstract of judgment do not result in a later starting date.)

The one-year limitations period will be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Smith is entitled to statutory tolling for the time during which his first three state habeas petitions were pending in superior court, but not for the 18-day gap between the first and second state habeas petitions nor for the 143-day gap between the second and third petitions because all three of those petitions were filed at the same level court. He also is entitled to tolling for the fourth state habeas (filed in the California Supreme Court) as well as the 67-day gap between the denial of his third state habeas petition (filed in the superior court) and the fourth state habeas petition (filed in the California Supreme Court) because the latter was a higher level court and a delay of up to 120 days in filing at the higher level court is not considered a substantial delay. *See Robinson v. Lewis*, 9 Cal. 5th 883, 901 (Cal. 2020). When the California Supreme Court denied the petition on July 10, 2013, there were 204 days remaining in Smith's one-year limitations period. Because Smith's next state court habeas filing did not occur until 2017, his limitations period expired on January 30, 2014 (i.e., 204 days after the denial of the petition on July 10, 2013). Smith is not entitled to statutory tolling for the state petitions filed in 2017 and later because the limitations period had expired and could not be restarted. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed under state rules).

The one-year limitations period can be equitably tolled because § 2244(d) is not jurisdictional. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner seeking equitable tolling bears the burden of establishing: "'(1) that he has been pursuing his rights diligently, and (2) that

United States District Court
Northern District of California

1  some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Smith does not show his entitlement to equitable tolling.

**B.  The Amended Abstracts Of Judgment Do Not Result In A Starting Date For The Limitations Period That Is Later Than The Conclusion Of Direct Review**

As explained above, the conviction became final on February 14, 2012, when the time for Smith to file a petition for writ of certiorari expired. He thus had a presumptive deadline of February 14, 2013 to file his federal petition for writ of habeas corpus. This section explains why the limitations period does not start on a later date.

When a state court judgment is amended or a new judgment is entered – an event that will collectively be referred to as a new judgment -- the one-year limitations period is measured from the date of that new judgment rather than the original judgment because the petitioner is in custody pursuant to the new judgment. *See Smith v. Williams*, 871 F.3d 684 (9th Cir. 2017). This result is compelled by the Supreme Court's decision in *Magwood v. Patterson*, 561 U.S. 320 (2010), which had held that a federal petition filed after a new judgment had been entered on the same conviction was not a second or successive petition for purposes of 28 U.S.C. § 2244(b). *See Smith*, 871 F.3d at 687. It does not matter whether the new judgment reinstates counts on which the prisoner originally had been convicted rather than adds new counts of conviction – if there is a new judgment, the limitations period starts with it. *Id.* at 688; *cf. Wentzell v. Neven*, 674 F.3d 1124 (9th Cir. 2012) (applying same rule to determine that new petition was not second or successive after state court issued new judgment that dismissed a conviction and sentence on one of three counts).

The straightforward-sounding rule is less straightforward in application because not all post-judgment tinkering with sentencing documentation results in a new judgment. Sometimes changes are made that are related to clerical or scrivener's mistakes, and those are not necessarily new judgments.

State law determines whether a state court action constitutes a new, intervening judgment. *See Gonzalez v. Sherman*, 873 F.3d 763, 769 (9th Cir. 2017). "Critical to this analysis is whether

9

the state court action 'replaces an invalid sentence with a valid one.'" *Colbert v. Haynes*, 954 F.3d 1232, 1236 (9th Cir. 2020) (quoting *Gonzalez*, 873 F.3d at 769). For example, in *Gonzalez*, the Ninth Circuit held that changing presentence credits results in a new judgment under California law because application of custody credits determines "the total duration of time which a convicted person will have to spend in prison" and a sentence is legally valid only if it awards all the credits to which the person is entitled. *Gonzalez*, 873 F.3d at 769. On the other hand, if a new or amended abstract of judgment is prepared that merely corrects a clerk's error in writing down the judgment pronounced – e.g., if the judge said the defendant was sentenced to "5 years" and the clerk wrote "50 years" on the original abstract – it is not a new judgment in California. *See id.* at 772.

Under California law, the judge's oral pronouncement of the sentence rather than the abstract of judgment constitutes the judgment.

> "Rendition of judgment is an oral pronouncement." Entering the judgment in the minutes being a clerical function (Pen. Code, § 1207), a discrepancy between the judgment as orally pronounced and as entered in the minutes is presumably the result of clerical error. Nor is the abstract of judgment controlling. "The abstract of judgment is not the judgment of conviction. By its very nature, definition and terms (*see* Pen. Code, § 1213.5) it cannot add to or modify the judgment which it purports to digest or summarize."

*People v. Mesa*, 14 Cal. 3d 466, 471 (1975) (citations omitted); *see, e.g., id.* at 472 (sentence enhancements for prior convictions that the defendant had admitted had to be stricken from the abstract of judgment because the judge did not mention them at the time he pronounced the sentence). "Because the 'abstract of judgment is not the judgment of conviction' and 'does not control if different from the court's oral judgment,' a court must amend the abstract of judgment any time there is a discrepancy between the two." *Gonzalez*, 873 F.3d at 770 (quoting *People v. Mitchell*, 26 Cal. 4th 181 (Cal. 2001)).

With these rules in mind, the court now considers whether any of the events after the original sentencing proceeding in January 2010 resulted in a new judgment for Smith.

The first potentially relevant event occurred on December 5, 2011, when Smith was resentenced and a first amended abstract of judgment was issued. Because there was a resentencing – i.e., the judge decided to strike the fourth prior conviction – this was a new judgment. In theory, the new judgment could have affected the starting date of the limitations period. This new judgment

could have resulted in a later starting date for the federal limitations period but for the fact that it occurred before the conclusion of direct review on February 14, 2012. Assuming arguendo Smith had a right to appeal from the new judgment, the deadline to file an appeal expired 60 days thereafter, on February 3, 2012, also before the conclusion of direct review. *See* Cal. Rule of Court 8.308(a). It would not benefit Smith to use these dates earlier than the conclusion of direct review on February 14, 2012 as the starting date of the limitations period. The court uses the later date as the starting date for the limitations period.

The second amended abstract of judgment was not a new judgment. Rather, it is more appropriately viewed as a correction of a clerical mistake in the original abstract of judgment. At the sentencing, the trial judge announced the term of 25-of-life on the burglary and then stated: "In light of the person-present finding that would be served at 85 percent." Docket No. 36-12 at 2. The trial judge's language was not perhaps not the best articulation but reflected that he was not overlooking the person-present finding under Section 667.6(c)(21) and instead was sentencing pursuant to it. His mention of the "person-present finding" was a reference to the § 667.5(c)(21) finding made by the jury. *See* footnote 2, above. And his use of the phrase "served at 85 percent" reflected that the judge intended the burglary sentence to be served at 85%, which is just what California Penal Code § 2933.1 dictates. *See* footnote 2, above. This thus is not a situation where there was silence in the judge's oral pronouncement that can be viewed as reflecting an intent to exercise leniency on the criminal defendant and relieve him of the consequence of the person-present finding. *Cf. In re Candelario,* 3 Cal. 3d 702, 706–07, 477 P.2d 729 (1970) ("Reference to the prior conviction must be included in the pronouncement of judgment for if the record is silent in that regard, in the absence of evidence to the contrary, it may be inferred that the omission was an act of leniency by the trial court. In such circumstances the silence operates as a finding that the prior conviction was not true" even if the defendant admitted the prior conviction).

Neither the third amended abstract nor the fourth amended abstract resulted in a new judgment because both were efforts to correct the clerk's incorrect citation on an earlier amended abstract. Specifically, the second amended abstract had indicated that Smith was sentenced under § 667.6, but that section pertains to sex offenders, which Smith was not. The third amended abstract

corrected the section – changing it from § 667.6 (the sex offender provision) to § 667.5 (the provision that contained the list of violent felonies) but neglected to include any subsection. The fourth amended abstract corrected the citation to include the particular subsection for the person-present allegation found true by the jury and mentioned by the judge at sentencing in January 2020.

C. **Summary**

The one-year clock on the deadline to file a federal habeas petition started ticking on February 12, 2012, when the conviction became final upon the conclusion of direct review. The resentencing reflected in the first amended abstract occurred before the limitations period commenced and therefore did not affect the starting date of the limitations period. The second amended abstract, the third amended abstract, and the fourth amended abstract were corrections of clerical errors and did not result in a new judgment so as to provide a later starting date for the habeas statute of limitations period.

Smith failed to file his federal habeas petition before the statute of limitations period expired. He is entitled to statutory tolling only for the first four state habeas petitions and is not entitled to any equitable tolling. The petition in this action was filed on January 9, 2020, almost six years after the limitations period expired on January 30, 2014. The petition must be dismissed because it is untimely.

D. **No Certificate Of Appealability Will Issue**

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**CONCLUSION**

For the foregoing reasons, respondent's motion to dismiss the petition is GRANTED. Docket No. 35. This action is dismissed because it was not filed before the expiration of the habeas statute of limitations period. The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: May 7, 2021

_____
SUSAN ILLSTON
United States District Judge